```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

David Mora,

        Plaintiff,                                CV-02-5973 (CPS)

   - against -                           MEMORANDUM OPINION
                                              AND ORDER

United States of America,

        Defendant.

```
----------------------------------------X
```

SIFTON, Senior Judge.

Plaintiff David Mora ("Mora") commenced this action against defendant United States of America (the "government") on October 28, 2002 to reopen a forfeiture decree in a prior case before this Court, *United States v. The Premises and Real Property Located at 698 Liberty Avenue, Brooklyn, NY,* No. 95-CV-3175 (CPS)(E.D.N.Y.). Mora seeks return of the forfeited property as well as damages. The case is currently on remand from the Second Circuit Court of Appeals following an appeal by plaintiff in light of new factual allegations raised by plaintiff for the first time in his appellate brief. The parties requested, and this Court granted, an evidentiary hearing to resolve the limited threshold issue of whether or not plaintiff Mora received notice of the government's forfeiture action against his property. For the reasons that follow, I find that plaintiff Mora was served with notice of the government's forfeiture action against his property. Accordingly, his action is again dismissed.

**BACKGROUND**

In August 1996, plaintiff David Mora was convicted, following a jury trial, of crimes related to organized narcotics trafficking. On August 8, 1995, the government had commenced a civil forfeiture action in this Court pursuant to 21 U.S.C. § 881(a)(7)[1] against the property known as 698 Liberty Avenue, Brooklyn, New York (the "subject property").[2] The subject property was eventually ordered forfeited and was sold by the United States Marshals Service on May 26, 1999. Plaintiff subsequently sought to reopen the forfeiture case on the ground that he was not served with notice of the civil forfeiture action, and thus did not realize that the subject premises was subject to forfeiture.

On March 11, 2003, the government filed a "Motion for Summary Judgment, or in the Alternative, for an Order Denying Petitioner's Motion Under Federal Rule of Civil Procedure 60(b)"

---

[1]The statute provides:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them: ...All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment.

21 U.S.C. § 881(a).

[2]The verified complaint in rem in that action made numerous specific allegations to the effect that the subject property was used by plaintiff and his codefendants to facilitate their narcotics-related activities.

on the grounds that: (1) plaintiff lacked standing to challenge the forfeiture action because he was not a record owner of the property; (2) plaintiff was served with papers in the civil forfeiture action; and (3) plaintiff's allegations, even if true, would not present a "grave miscarriage of justice," *United States v. Beggerly*, 524 U.S. 38, 46 (1998), sufficient to entitle him to bring an independent action for relief from a judgment. The government's evidence that plaintiff had been served with notice of the civil forfeiture action consisted of an affidavit of Deputy United States Marshal John Hsueh and a contemporaneous process receipt and return form.

I granted the government's motion for summary judgment by Memorandum and Order dated October 15, 2003. While I declined the invitation to construe plaintiff's action as a motion to reopen under Fed. R. Civ. P. 60(b), I granted summary judgment on the ground that plaintiff lacked standing to challenge the forfeiture. In reaching this decision, I observed that the record owner of the property was Edith Ortiz, plaintiff's mother-in-law, and that plaintiff Mora had submitted no evidence to support his assertion that he owned the subject premises. Having determined that plaintiff lacked standing, I did not consider the government's remaining arguments for summary judgment, including the issue of whether plaintiff was served with notice of the civil forfeiture action. A judgment for the defendant was

entered on October 23, 2003.

Plaintiff subsequently appealed the judgment and filed his appellate brief with the Second Circuit on June 3, 2004. In his appellate brief, plaintiff alleged for the first time that government attorneys had, during the course of his criminal trial, *United States v. Mora, et. al.* CR-94-729 (E.D.N.Y.), asserted that plaintiff "owned" the subject property. Plaintiff's appellate brief included quotes from the trial transcript in the criminal case. In response to the new allegations in plaintiff's appellate brief, the government moved to remand the case to this Court, explaining that:

> [o]n remand, the district court may request and consider additional written submissions by the parties, as well as testimony by or on behalf or the parties regarding, inter alia: (a) whether plaintiff was the owner of the real property; (b) whether plaintiff was served with the pleadings in the prior civil forfeiture action; and (c) whether the underlying action is barred by [the Second Circuit's] decision in *Adeleke v. United States,* 355 F.3d 144 (2d Cir.2004),[3] which was decided three months after the district court issued its decision in this case.

(Def. Appellate Brief at 6). Plaintiff did not oppose the government's motion, and the Second Circuit remanded the case to this Court on March 29, 2005.

By letter dated June 23, 2005, the government requested that I hold an evidentiary hearing in order to determine whether

---

[3] In *Adeleke,* the Second Circuit held that Federal Rule of Criminal Procedure 41(g), which permits a person aggrieved by the government's unlawful deprivation of property to move for its return, "does not waive the sovereign immunity of the United States with respect to actions for money damages relating to such property." *Id.* at 151.

plaintiff received notice of the underlying civil forfeiture action. The government argued that, for practical reasons, I should consider the service issue before revisiting the issue of standing, because if I determine that plaintiff was served with notice of the forfeiture action, then plaintiff's challenge to the forfeiture would be rendered moot and time-barred, regardless of his alleged ownership of the property. *See United States v. A Parcel of Real Property, et. al.,* 724 F.Supp. 55, 56 (E.D.N.Y. 1989)(holding that claimant's challenge to forfeiture was time-barred where he did not file a claim within the deadlines set forth in Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims).[4] Plaintiff Mora does not dispute that he failed to file a claim; rather, he contends that he never received notice of the forfeiture action.

At a status conference held on July 26, 2005, Mora, now represented at his request by his trial attorney, Joyce David, consented to an evidentiary hearing limited to determining

---

[4] Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims sets forth procedures for making a claim in an *in rem* forfeiture proceeding. *Mercado v. U.S. Customs Service,* 873 F.2d 641, 645 (2d Cir.1989). Rule C(6) provides that a claimant must file a claim/statement of interest within 20 days of actual notice of execution of process. The Civil Asset Forfeiture Reform Action ("CAFRA"), 18 U.S.C. § 983, *et seq*, also provides that a person asserting an interest in seized property must file a claim "not later than 30 days after the date of service of the Government's complaint..." 18 U.S.C. § 983(a)(4)(A). The claimant must thereafter file an answer to the complaint for forfeiture "not later than 20 days after the filing of the claim." 18 U.S.C. § 983(a)(4)(B). Generally, "strict compliance with the time periods of CAFRA and Rule C(6) is required." *United States v. $1,437.00 U.S. Currency,* 242 F.Supp.2d 193, 195 (W.D.N.Y. 2002)(citing *United States v. Amiel,* 995 F.2d 367, 371 (2d Cir.1993)).

whether or not Mora was served with notice of the forfeiture action.

At the hearing, held on September 14, 2005, the government called John Hsueh, a veteran Deputy United States Marshal in the Eastern District of New York. Hsueh testified that he has served as Deputy United States Marshal since 1988 and that on August 16, 1995, as part of his duties, he served plaintiff Mora with notice of the forfeiture action. Hsueh testified that he served Mora with the papers when Mora was in custody in the cell block awaiting a hearing relating to his criminal case, although when asked during the present hearing if he recognized Mora in the courtroom, Hsueh responded that he did not recognize him. Hseuh stated that he was testifying on the basis of memory refreshed by looking at his records, namely the return he filled out after he served Mora with process. Hseuh testified that the signature on the bottom of the return was his own, and that the return indicated that David Mora was served with process on August 16, 2005. When asked what procedure he used to serve the papers, Hseuh responded that he called out "David Mora," and gave the papers to the person who came forward.

When asked by Mora's attorney whether it was possible he simply called out "Mora," Hseuh responded that he was "fairly sure" called out "David Mora." The criminal docket sheet in Mora's case indicates that both he and his brother, William Mora,

were present in court on that day in relation to their criminal case.

Mora's attorney then called plaintiff David Mora to the stand, where he testified that he never received notice of the forfeiture proceeding. He also testified that he believed his brother was with him in court on August 16, 2005. Mora's attorney, Joyce David, also informed that court that she was attorney of record at the time Mora was supposed to have been served, and she never received copies of the process. The government stipulates that it never served David with the papers, since David was Mora's criminal, not civil attorney.

For the reasons that follow, I find that plaintiff Mora was served with process.

## DISCUSSION

Notice must be "reasonably calculated" to notify the claimant of the proceeding. See, e.g., *Weigner v. New York*, 852 F.2d 646, 649-50 (2d Cir.1988) (*quoting Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)), *cert. denied*, 488 U.S. 1005, 109 S.Ct. 785, 102 L.Ed.2d 777 (1989). The standard for notice in a forfeiture proceeding does not require that the claimant receive actual notice, but rather, that the government act reasonably in selecting and employing a means likely to inform the claimant of the proceeding. *Id.; see also Omoregie v. United States*, 1995 WL

761848, at 3 (E.D.N.Y. 1995) (holding that the "government is not required to insure that mail received and signed for has actually reached the potential claimant in a forfeiture proceeding if it has acted in good faith and has made reasonable efforts to send notices to the correct address of the claimant"); *Balogoun v. United States*, 1992 WL 394186, at 1 (E.D.N.Y. 1992), aff'd, 14 F.3d 590 (2d Cir.1993).

In the present case, the government has established by a preponderance of the evidence that it served plaintiff with notice. Although plaintiff Mora argues that the papers may have been served on his brother instead of himself, his brother did not testify at the hearing, nor did Mora provide any other evidence that it was his brother who was served with papers. Mora suggests that it is possible that Hseuh called out the name "Mora" rather than "David Mora" when serving process and that his brother and not he came forward and accepted the papers addressed to David Mora. I find this argument implausible. Hseuh testified at the hearing that he called out the name "David Mora." Moreover, the return filled out by Hseuh immediately or shortly after he served process indicates that he served process on David Mora. The prevalence of similar last names among prisoners in this District makes it unlikely that a well-trained and experienced Deputy United States Marshall such as Hseuh would have simply called out only the defendant's last name when

seeking to serve papers upon him.  Moreover, even assuming that the Deputy only called out the defendant's last name within the restricted confines of this courthouse's detention area, there is no plausible explanation why defendant's brother would be the only one to respond, or, if he alone responded, would not have passed on the papers to his brother as the individual named in the summons.

Finally, even if the government cannot show, without a doubt, that it served David Mora with notice of the forfeiture proceeding, by employing Hseuh to serve notice, the government acted "reasonably in selecting and employing a means likely to inform the claimant of the proceeding."

I therefore find that plaintiff Mora was served with notice of the forfeiture proceeding.

## CONCLUSION

For the foregoing reasons, I find that plaintiff Mora was served with notice of the forfeiture proceeding against the property known as 698 Liberty Avenue, Brooklyn, New York.

The clerk is directed to furnish a filed copy of the within to all parties and to enter judgment dismissing the complaint.

SO ORDERED.

Dated :   Brooklyn, New York
          November 10, 2005

                By: /s/ Charles P. Sifton (electronically signed)
                    United States District Judge