UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X

David Mora,

       Petitioner,              CV-02-5973

    - against -              MEMORANDUM OPINION
                                      AND ORDER

United States of America,

       Defendant.

-------------------------------------X

SIFTON, Senior Judge.


In 1995, *pro se* petitioner David Mora ("Mora"), together
with four codefendants, was convicted of several crimes arising
out of their narcotics trafficking.  Thereafter, petitioner was
sentenced to four terms of life imprisonment.  On October 28,
2002, petitioner commenced this action against defendant United
States, seeking to reopen a forfeiture decree in a related case
before this Court, *United States v. The Premises and Real
Property Located at 698 Liberty Avenue, Brooklyn, New York*, No.
CV-95-3175 (CPS)(E.D.N.Y.).  Petitioner asserted that the
forfeiture decree was improper because he had not received notice
of the forfeiture proceedings.  On October 20, 2003, I dismissed
this case.  Petitioner appealed the dismissal, offering new
evidence for consideration, which this Court had not received.
The Court of Appeals remanded for consideration of the additional

evidence and, on September 14, 2005, an evidentiary hearing was held to determine whether petitioner had received notice of the forfeiture proceedings.  On November 10, 2005, having determined that petitioner was served with notice, I again dismissed the case.  I directed the Clerk to transmit copies of the order to all parties and to enter judgment.

By letter dated December 29, 2006, petitioner inquired into whether a decision had been made following the September 14, 2005 hearing.  I responded by letter dated January 16, 2007, enclosing a copy of the November 10, 2005 order.  Petitioner received this letter on January 19, 2007.  The next day, petitioner submitted a request to Bureau of Prisons staff to determine whether his institution's mail room had received a copy of the order around the time the order was originally issued.  The Bureau of Prisons responded that no such copy had been received.  Presently before the Court is petitioner's Motion to Reconsider and Resubmit New Judgment Securing the Right to appeal the order of November 10, 2005 pursuant to Federal Rule of Civil Procedure 60(b).  For the reasons set forth below, petitioner's motion, which I construe as a motion to reopen his time to file an appeal[1], is denied.

---

[1] Petitioner asserts that he brings this motion "based upon the Clerk's Office presumed inadvertence of failing to forward [t]he final opinion[]." Petitioner's Motion to Reconsider, p. 1. He requests that this Court "render new judgment resecuring Mr. Mora's Due Process right to appeal. . . ." *Id.* Petitioner's motion concerns the time period during which he may file a notice of appeal, which is governed by Federal Rule of Appellate Procedure 4(a). *United States v. Outen*, 286 F.3d 622, 633 n. 8 (2d Cir. 2002).

**Discussion**

When the United States is a party to a civil case, notice of appeal "may be filed by any party within 60 days after the judgment or order appealed from is entered."  Fed. R. App. P. 4(a)(1)(B).  In this case, the 60-day period during which petitioner could have appealed the November 10, 2005 decision expired on January 9, 2006.

Under Federal Rule of Appellate Procedure 4(a)(6)[2],

the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

---

[2] Petitioner filed his motion pursuant to Federal Rule of Civil Procedure 60(b), under which a "court may relieve a party . . . from a final judgment, order, or proceeding" for reasons such as mistake, newly discovered evidence, fraud, "or any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. Proc. 60(b).  "The motion shall be made within a reasonable time, and [in some cases], not more than one year after the judgment, order, or proceeding was taken."  *Id.*  However, Rule 60(b) may not be used to circumvent the time limits for appeals under Federal Rule of Appellate Procedure 4(a).  *See Ishay v. City of New York*, 178 F.Supp.2d 314, 317 (E.D.N.Y. 2001) (citing *Cody, Inc. v. Woodbury*, 179 F.3d 52, 55 (2d Cir. 1999)); *see also Vencor Hospitals, Inc. v. Standard Life and Accident Ins. Co.*, 279 F.3d 1306, 1311 (11t Cir. 2002) (Rule 4(a)(6) supersedes Rule 60(b) as means by which to file notice where party not served with judgment or order to be appealed, including where lack of service prevented party from meeting deadline in Rule 4(a)(6)).  Petitioner's motion is therefore analyzed according to the requirements of Rule 4(a).

(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).  Federal Rule of Civil Procedure 77(d)

provides in pertinent part that

> [i]mmediately upon the entry of an order or judgment the
> clerk shall serve a notice of the entry in the manner
> provided for in Rule 5(b) . . . , and shall make a note in
> the docket of the service . . . .  Lack of notice of the
> entry by the clerk does not affect the time to appeal or
> relieve or authorize the court to relieve a party for
> failure to appeal within the time allowed, except as
> permitted in Rule 4(a) of the Federal Rules of Appellate
> Procedure.

Fed. R. Civ. Proc. 77(d).

The government does not dispute that petitioner has met

prong (A) under Rule 4(a)(6).  Under prong (B), petitioner had

until October 10, 2006 to file his motion, 180 days after

judgment was entered[3], which is earlier than January 27, 2007,

which is seven days after petitioner received actual notice of

the entry of judgment as evidenced by his request of the prison's

mail room.  Petitioner's motion is dated February 17, 2007, four

---

[3] October 10, 2006 is 180 days after April 10, 2006.  The 180-day period
runs from April 10, 2005 instead of November 10, 2005, when the order was
actually issued, pursuant to Federal Rule of Civil Procedure 58(b)(2).  Under
that rule, a judgment such as the one at issue here, which must be set forth
in a separate document (in accordance with Rule 58(a)(1)), is deemed to have
been entered when it is entered into the civil docket under Rule 79(a) and
when the earlier of two events occurs, either when the judgment is set forth
on a separate document or when 150 days have run from entry in the civil
docket under Rule 79(a).  Because the docket sheet does not contain an entry
of a separate document setting forth the judgment, judgment must be considered
as entered 150 days after it was entered in the docket.  The order was entered
in the docket on November 10, 2005.  April 9, 2005 is 150 days after November
10, 2005, but since April 9, 2005 was a Sunday, the date of entry is deemed
Monday, April 10, 2005, the next business day.  *See* Fed. R. Civ. Proc. 6(a).

months past the October 2006 deadline.  Accordingly, because

petitioner did not timely move to reopen the time to file an

appeal, his motion is denied.


### Conclusion

For the foregoing reasons, petitioner's motion to reopen the

time to file an appeal is denied.  The clerk is directed to mail

a copy of this decision to all parties.


SO ORDERED.

Dated:     Brooklyn, New York
           June 20, 2007


                    By: Charles P. Sifton (electronically signed)
                          United States District Judge